**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: : | |
| : | |
| **GREGORY T. O'CONNOR and** : | |
| **KATHRYN S. O'CONNOR,** : | **Bankruptcy No. 09-26643-MBM** |
| Debtors. : | **Chapter 7** |
| : | |
| **Standard Bank, PaSB,** : | |
| Movant, : | |
| : | |
| v. : | **Related to Doc. No. 26** |
| : | |
| **Gregory T. O'Connor, Kathryn S.** : | |
| **O'Connor, and Robert H. Slone,** : | |
| **Trustee**, : | |
| Respondents. : | |

Appearances:   Jeffrey R. Lalama, for Standard Bank, PaSB.
Robert H. Slone, for the Chapter 7 Trustee.
Anthony S. Dedola, Jr., for Kathryn and Gregory O'Connor.

**MEMORANDUM OPINION**

Standard Bank, PaSB (hereafter "Standard Bank") moves for relief from the automatic stay so that it may then reform or modify a written mortgage agreement (a) that presently identifies as mortgagor an entity named KOG Investments, LLC (hereafter "KOG"), which entity is wholly-owned by Kathryn and Gregory O'Connor, the instant debtors (hereafter "the Debtors"), and (b) so that the Debtors are identified therein as the mortgagor. Standard Bank and the Debtors concede that (a) KOG has never owned the realty that is the subject of such mortgage agreement, (b) KOG thus could not possibly have granted a mortgage to Standard Bank, (c) the Debtors owned such realty when such mortgage agreement was executed, and that they still own such realty, and (d)

the Debtors are thus the only party that could have granted a mortgage to Standard Bank.

Robert Slone, the Debtors' Chapter 7 Trustee (hereafter "the Trustee"), opposes Standard Bank's stay relief motion on the ground that (a) the Trustee's strong arm powers under 11 U.S.C. § 544(a) preclude the mortgage reformation that is sought by Standard Bank, and (b) cause thus does not exist for the stay relief that is sought by Standard Bank.

For the reasons that are set forth below, the Court agrees with the Trustee's position and shall, therefore, deny with prejudice Standard Bank's stay relief motion.

## **STATEMENT OF FACTS**

The Debtors own realty located at 175 Old Franklin Road, Stahlstown, PA 15687 (hereafter "the Realty"), which realty constitutes their personal residence, their sole real property asset, and the address for two entities that they wholly own, namely O'Connor Contracting, Inc. (hereafter "O'Connor Contracting") and KOG.

On September 27, 2006, KOG borrowed $100,000 from Standard Bank. On that same date KOG executed and delivered to Standard Bank a document entitled "Open-End Mortgage," by which document KOG purports to grant to Standard Bank a mortgage on the Realty (hereafter "the Mortgage"); KOG is identified within the Mortgage as the sole mortgagor. The Mortgage was recorded on October 4, 2006.

KOG does not now own, nor has it ever owned, the Realty. Standard

Bank alleges that, on September 27, 2006, itself, the Debtors, and KOG orally agreed that the Debtors, on behalf of KOG, would grant to Standard Bank a mortgage on the Realty so as to secure the $100,000 that KOG had borrowed from Standard Bank.

The Debtors filed their Chapter 7 bankruptcy petition on September 9, 2009. On that same date they caused to be filed Chapter 7 bankruptcy petitions for both O'Connor Contracting and KOG. The bankruptcy schedules for the Debtors, as well as such schedules for O'Connor Contracting and KOG, all appear to have been filed simultaneously with their corresponding bankruptcy petitions.

In the Debtors' Bankruptcy Schedule D, the Debtors list as a secured claim the $100,000 debt that KOG owes to Standard Bank; the collateral identified for such secured claim is the Realty. The Debtors' Bankruptcy Schedule A identifies the Realty as the lone real property asset that the Debtors own. In KOG's Bankruptcy Schedule D, KOG lists as a secured claim the same $100,000 debt that it owes to Standard Bank, with the Realty identified therein as the collateral for such claim. In its Bankruptcy Schedule A, KOG does not identify any realty as being owned by itself.

On December 10, 2009, the Debtors consented to Standard Bank's stay relief motion. As set forth above, Standard Bank seeks stay relief so that it may then reform or modify the Mortgage such that the Debtors rather than KOG are identified therein as the mortgagor.

**DISCUSSION**

As set forth above, the Trustee opposes Standard Bank's stay relief motion on the ground that the Trustee's strong arm powers under § 544(a) – and, in particular, § 544(a)(3) – preclude the mortgage reformation that is sought by Standard Bank.

"Under subsection 544(a)(3), the trustee may avoid any lien or transfer avoidable by a hypothetical bona fide purchaser of real property of the debtor as of the date of the commencement of the case." 5 Collier on Bankruptcy, ¶ 544.02[1] at 544-5 (Bender 2009). Although "[t]hese 'strong arm' rights and powers [under § 544(a)(3)] are conferred on the trustee by federal law[,] ... the extent of the trustee's rights as ... a bona fide purchaser of real property is measured by the substantive law of the jurisdiction governing the property in question," Id. at ¶ 544.03[1] at 544-5, provided, of course, that such substantive law is not inconsistent with federal bankruptcy law. One such instance where state substantive law may be inconsistent with, and will thus be trumped by, federal bankruptcy law is with regard to the knowledge that may operate to negate one's status as a bona fide purchaser. *See* In re Houston, 409 B.R. 799, 806 (Bankr.D.S.C. 2009). In particular, even if a state's substantive law is such that actual knowledge will operate to prevent one from attaining the status of a bona fide purchaser, "bankruptcy law renders a trustee's actual knowledge of a lien or defect irrelevant by virtue of the provisions of § 544(a)(3)." Id.; *see also* 5 Collier on Bankruptcy, ¶ 544.02[1] at 544-5 (same). "However, where there are matters of record giving constructive notice of a competing interest – for

example, because of proper filing, a divorce decree, a pending divorce proceeding, a lis pendens, or an inquiry notice of a prior claim – the trustee is precluded from using the avoiding powers." 5 Collier on Bankruptcy, ¶ 544.03[2] at 544-7 to 8; *see also* Houston, 409 B.R. at 806 (same).

The parties, as well as the Court, agree that the substantive law that governs the Realty is that of Pennsylvania. Standard Bank also concedes, and the Court holds in any event, that, "in Pennsylvania the equitable principles allowing the reformation of a mortgage are not applicable against a bona fide purchaser." *See* Standard Bank Brief (Docket No. 43), at p. 5. Standard Bank argues, however, that the Trustee's strong arm powers under § 544(a)(3) should not operate to block Standard Bank from reforming the Mortgage that it obtained on the Realty because, contends Standard Bank in turn, the Trustee cannot be considered to be a bona fide purchaser of the Realty as of September 9, 2009, which is when the Debtors filed for bankruptcy. Why does Standard Bank so argue?

Standard Bank so argues for what appear to be two discrete reasons. First, Standard Bank argues that a purchaser of the Realty as of September 9, 2009, would have had constructive or inquiry notice of the Mortgage in favor of Standard Bank. Second, Standard Bank appears to contend that the Trustee cannot be a bona fide purchaser because of actual knowledge that he possessed as of September 9, 2009.

Standard Bank's second argument can be dispensed with summarily given that, as set forth above, the Trustee's strong arm powers under § 544(a)(3) may

be exercised without regard to any actual knowledge that may be possessed by the Trustee. As for Standard Bank's first argument, Standard Bank contends that, as of September 9, 2009, constructive notice of the Mortgage in favor of Standard Bank is provided by virtue of the information that is contained in the bankruptcy schedules of the Debtors and KOG (and perhaps O'Connor Contracting). Standard Bank relies upon the decision in In re Lauver, 372 B.R. 751 (Bankr.W.D.Pa. 2007), as supportive of its position. The Lauver decision can indeed be cited for the proposition that, when a Chapter 7 debtor's bankruptcy schedules are filed concurrently with such debtor's bankruptcy petition, the disclosures contained in such schedules, provided that such disclosures include information that would serve to notify one of a preexisting property interest, will provide the constructive notice that would operate to preclude a bankruptcy trustee from using such trustee's strong arm powers under § 544(a). *See* Lauver, 372 B.R. at 760. Unfortunately for Standard Bank, the Court rejects Standard Bank's constructive notice position for two reasons.

   First, the Court disagrees with the holding in Lauver that the disclosures in a debtor's bankruptcy schedules can provide the constructive notice that would operate to preclude a bankruptcy trustee from using such trustee's strong arm powers under § 544(a). Instead, the Court holds as a matter of law, for the reasons that are set forth in great detail in In re Deuel, 361 B.R. 509, 514-516 (B.A.P. 9th Cir. 2006), *aff'd*, 594 F.3d 1073, 1077-1078 (9th Cir. 2010), that, even if bankruptcy schedules are filed concurrently with a debtor's bankruptcy petition, such schedules cannot operate to provide the constructive notice that would

6

serve to preclude a bankruptcy trustee from using such trustee's strong arm powers under § 544(a).  *See also* Houston, 409 B.R. at 806 (same, citing Deuel with approval); In re Badagliacca, 403 B.R. 288, 292 (Bankr.W.D.N.Y. 2009) (same, citing Deuel with approval); 5 Collier on Bankruptcy, ¶ 544.03[2] at 544-8 (same, citing Deuel with approval).

Second, even if the Court were to hold that the disclosures in the bankruptcy schedules of the Debtors, KOG, and O'Connor Contracting provide constructive notice to the Trustee, to what do they provide constructive notice? The Court holds that they could not provide constructive notice of a mortgage that had been granted to Standard Bank prior to September 9, 2009, because, since the Mortgage was granted by KOG, who could not legally have been a mortgagor of the Realty, a mortgage on the Realty was never thereby granted. Such schedules thus could provide constructive notice of no more than the alleged oral agreement between Standard Bank, the Debtors, and KOG that the Debtors, on behalf of KOG, would grant to Standard Bank a mortgage on the Realty so as to secure the $100,000 that KOG had borrowed from Standard Bank. Unfortunately for Standard Bank, because such oral agreement involves the conveyance of a mortgage, which conveyance, in turn, constitutes the transfer of an interest in real property, *see* 16 Summ.Pa.Jur.2d *Commercial Law* § 1:70 (Thomson Reuters 2010), the enforcement of such agreement would be subject to, and thus would ultimately be barred by, the defense of the statute of frauds, *see* Linsker v. Savings of America, 710 F.Supp. 598, 600 (E.D.Pa. 1989); 16 Summ.Pa.Jur.2d *Commercial Law* § 1:70.  By virtue of the application of 11

U.S.C. § 558 to the instant matter, the Trustee, if it were necessary, could assert the defense of the statute of frauds against Standard Bank so as to render unenforceable such oral agreement. Such would be the case even if the Debtors' consent to Standard Bank's stay relief motion were to be construed as a waiver of such defense by the Debtors given that (a) such consent by the Debtors occurred post-petition, and (b) a post-petition waiver of any defense by the Debtors would not bind the Trustee, see 11 U.S.C.A. § 558 (West 2010).

Therefore, a purchaser of the Realty as of September 9, 2009, would not have had constructive or inquiry notice of either the Mortgage in favor of Standard Bank or the aforesaid alleged oral agreement between Standard Bank, the Debtors, and KOG regarding the grant of a mortgage on the Realty. Furthermore, even if constructive or inquiry notice were to be found to exist, such notice could only be of the aforesaid alleged oral agreement between Standard Bank, the Debtors, and KOG, which oral agreement the Trustee, if necessary, could render unenforceable. Consequently, the Trustee's strong arm powers under § 544(a)(3) operate to preclude the mortgage reformation that is presently sought by Standard Bank. Because such mortgage reformation constitutes the sole cause for Standard Bank's stay relief motion, the Court must accordingly deny such stay relief motion with prejudice.

## **CONCLUSION**

For all of the foregoing reasons, the Trustee's strong arm powers under § 544(a)(3) operate to preclude the mortgage reformation that is presently sought by Standard Bank. Because such mortgage reformation constitutes the sole cause for Standard Bank's stay relief motion, the Court, therefore, shall deny with prejudice Standard Bank's motion for relief from stay.

                                              **BY THE COURT**

                                            /s/
                                            **M. BRUCE McCULLOUGH,**
                                            **U.S. Bankruptcy Judge**

**DATED:** April 30, 2010

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : |
| **GREGORY T. O'CONNOR and** | : |
| **KATHRYN S. O'CONNOR,** | : Bankruptcy No. 09-26643-MBM |
| Debtors. | : Chapter 7 |
| **Standard Bank, PaSB,** | : |
| Movant, | : |
| | : |
| v. | : Related to Doc. No. 26 |
| | : |
| **Gregory T. O'Connor, Kathryn S.** | : |
| **O'Connor, and Robert H. Slone,** | : |
| **Trustee**, | : |
| Respondents. | : |

### ORDER OF COURT

**AND NOW,** this **30th day** of **April, 2010**, for the reasons, and utilizing the nomenclature, set forth in the accompanying Memorandum Opinion of the same date; and subsequent to notice and a hearing on the matters that was held on January 5, 2010, it is **hereby ORDERED, ADJUDGED, AND DECREED** that:

(a) the Trustee's strong arm powers under § 544(a)(3) operate to preclude the mortgage reformation that is presently sought by Standard Bank; and

(b) Standard Bank's motion for relief from stay is consequently **DENIED WITH PREJUDICE**.

                                            **BY THE COURT**

                                            /s/_____
                                            **M. BRUCE McCULLOUGH,**
                                            **U.S. Bankruptcy Judge**

copies to:

Jeffrey R. Lalama, Esq.
Feldstein Grinberg Stein & McKee
428 Boulevard of the Allies
Pittsburgh, PA 15219

Anthony S. Dedola, Jr., Esq.
51 East South Street
Uniontown, PA 15401

Robert H. Slone, Trustee
Mahady & Mahady
23 South Maple Avenue
Greensburg, PA 15601